IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KEVIN DURRELL BROWN, # 285790, )
)
Petitioner, )
)
v. ) Civil Action No. 3:14cv159-WKW
) (WO)
KENNETH JONES, *et al.*, )
)
Respondents. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kevin Durrell Brown ("Brown"). Doc. No. 1.[1]

## I. BACKGROUND

Trial and Sentencing

In April 2011, a Russell County grand jury indicted Brown for unlawful distribution of marijuana, in violation of § 13A-12-211, Ala. Code 1975. Doc. No. 7-1 at 20-21. Brown's case came to trial in late July 2012. The Alabama Court of Criminal summarized the evidence adduced at trial as follows:

> On February 3, 2011, Investigator Jacob Williams, an employee with the Russell County Sheriff's Office assigned to a drug-task force, went to Bowman Apartments, an area known for drug activity, located on 9th Avenue in Phenix City. Williams testified that the apartments were located within a three-mile radius to both a school and a housing project. Williams, dressed in plain clothes and traveling in a pick-up truck, made contact with Brown outside the apartments. Williams testified that he asked Brown if he had any

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court. Page references are to those assigned by CM/ECF.

marijuana to sell, and Brown stated "that he didn't but he knew somebody that did." (R. 64.) Williams testified that after Brown went into an apartment, Brown returned and stated that no one was there and for Williams to come back in 30 minutes. Williams testified that he complied and that when he pulled up Brown told him where Brown lived and that there was a parking lot near there. Williams testified that after he pulled into the parking lot, Brown walked to the truck and told him that the man was still gone from his apartment but that he knew another man named "Jake" who he could call. (R. 65.) Williams testified that Brown tried to call "Jake" but could not get an answer so Brown stated that he had one other person who lived in one of the apartments that he wanted to try to contact. Williams thereafter gave Brown $20, and Brown returned from the apartment with a bag of marijuana. Upon completion of the transaction, Officer George Pugh and another officer took Brown into custody. Officer Pugh also took into custody a plastic "baggy" of marijuana. Mike Benak, an employee with the Alabama Department of Forensic Sciences, analyzed the plant material received from Pugh and found that the plant material was marijuana and that it weighed 3.83 grams.

In his defense, Brown testified that on February 3, he was walking home from work when Investigator Williams pulled up beside him, rolled down his window, and did the "marijuana gesture." (R. 124.) Brown crossed in front of Williams's vehicle to get to his apartment and, after Williams pulled up and stopped, Brown told Williams that "I don't sell marijuana" but that "it'd be a bunch of boys [on 10th Avenue] that'd be selling it." (R. 125, 126.) Brown testified that Williams left and came back to the parking lot about three times. At some point, Brown asked Williams if he was a police officer to which Williams responded, "no." (R. 128.) Brown admitted that Williams gave him $20 and that he bought marijuana.

Doc. No. 7-5 at 2-3.

On August 1, 2012, the jury found Brown guilty as charged in the indictment. Doc. No. 7-1 at 9. On September 14, 2012, the trial court sentenced Brown to 16 years' imprisonment, which included a 5-year enhancement under § 13A-12-250, Ala. Code 1975, because the offense occurred within 3 miles of a school and an additional 5-year enhancement under § 13A-12-270, Ala. Code 1975, because the offense occurred within 3

miles of a public housing project. *Id*. at 10-12.

Direct Appeal

Brown appealed his conviction and sentence, raising these claims:

1. The trial court erred by not allowing him to present his defense of entrapment and by refusing to charge the jury on entrapment.

2. His sentence was improperly enhanced under §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, because those statutes apply only to convictions for unlawful "sales" of a controlled substance and he was merely acting as an agent for the buyer in a drug deal.

3. The sentence enhancements in §§ 13A-12-250 and 13A-12-270 should not have been applied to him because the State did not prove the alleged drug sale took place within a three-miles radius of a school and public housing project.

4. The trial court should have considered running his sentence enhancements under §§ 13A-12-250 and 13A-12-270 concurrently rather than consecutively.

Doc. No. 7-3.

On September 27, 2013, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Brown's conviction and sentence. Doc. No. 7-5. Brown applied for rehearing, which was overruled on November 23, 2013. Doc. Nos. 7-6 and 7-7. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 7, 2014, issuing a certificate of judgment the same day. Doc. Nos. 7-8, 7-9, and 7-10.

Brown's § 2254 Petition

On March 6, 2014, Brown initiated this § 2254 action by filing a habeas petition in which he reasserts his claim, presented in the state courts, that the trial court erred by not allowing him to present his defense of entrapment and by refusing to charge the jury on entrapment. Doc. No. 1 at 5; Doc. No. 1-1 at 1-4. The respondents argue that Brown is not entitled to federal habeas relief because his claim raises no constitutional issue and, in any event, the claim was properly adjudicated on the merits by the state courts. Doc. No. 7 at 7-11. For the reasons that follow, the undersigned finds Brown's petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

As indicated, Brown contends that the trial court erred by not allowing him to present his defense of entrapment and by refusing to charge the jury on entrapment. Doc. No. 1 at 5; Doc. No. 1-1 at 1-4. On direct appeal, the Alabama Court of Criminal Appeals rejected this claim, finding in pertinent part:

> In the present case, the State presented sufficient evidence of Brown's predisposition to commit the crime. Testimony was given that Investigator Williams gave Brown the "marijuana gesture" and that Williams asked Brown if he had any marijuana to sell. Brown later explained to Williams that he "knew somebody that did" and for Williams to come back in 30 minutes. After Williams returned, Brown took $20 from Williams and bought marijuana. As noted above, the trial court reasoned regarding the gesture made by Williams that "[s]omebody does this and I go over there to see, you know, what they want or go over there and wind up getting them what they're saying they're wanting, that's kind of hard to say I'm not predisposed to do it.

(R. 150.) Also, the trial court noted that Brown's sole allegation that Williams denied being a police officer did not support the defense of entrapment. (R. 149.) Based on the record, the trial court gave Brown an opportunity to present evidence in support of his defense of entrapment but held that the evidence did not support a finding of entrapment; therefore, the trial court did not abuse its discretion when it did not allow Brown to present the issue to the jury. *Harris [v. State*, 794 So. 2d 1214, 1218 (Ala. Crim. App. 2000)], *supra*.[2]

Additionally, Brown argues that the trial court erred not allowing a jury charge for entrapment. "A trial court broad has discretion in formulating its jury instructions, providing they are an accurate reflection of the law and facts of the case." *Harris*, 794 So. 2d at 1219. Because it found that the evidence did not support Brown's defense of entrapment, the trial court properly denied

---

[2] The Alabama Court of Criminal Appeals quoted the following language from *Harris* in its memorandum opinion:

> """Entrapment occurs when state officers or persons under their control incite, induce, lure, or instigate a person into committing a criminal offense, which that person would not have otherwise committed, and had no intention of committing."' *Wright v. State*, 494 So. 2d 936, 938 (Ala. Crim. App. 1986) (quoting *Geckles v. State*, 440 So. 2d 1189, 1191 (Ala. Crim. App. 1983)). 'When a defendant raises an entrapment defense, he must initially come forward with evidence that the governmental conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.' *Lambeth[ v. State*], 562 So. 2d [575] at 578 [(Ala. 1990)]; *see Pierce v. United States*, 414 F.2d 163, 168 (5th Cir.), cert. denied 396 U.S. 960, 90 S. Ct. 435, 24 L. Ed. 2d 425 (1969). 'Once the defendant has carried this burden, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged.' *Lambeth*, 562 So. 2d at 578; *see United States v. Gomez-Rojas*, 507 F.2d 1213 (5th Cir.), cert. denied, 423 U.S. 826, 96 S. Ct. 41, 46 L. Ed. 2d 42 (1975). """Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by the one who had the criminal intent."' *Wright v. State*, 494 So. 2d 936, 939 (Ala. Crim. App. 1986) (quoting *Jackson v. State*, 384 So. 2d 134, 139 (Ala. Crim. App. 1979))."

Doc. No. 7-5 at 3-4 (quoting *Harris*, 794 So. 2d at 1218).

> Brown's request to give a jury charge on entrapment. Indeed, the trial court reiterated that he did not want the jury to consider the defense of entrapment because it did not apply to this case. (R. 150.) *Harris, supra*; *see also Friedman v. State*, 654 So. 2d 50, 53 (Ala. Crim. App. 1994). Accordingly, Brown is not entitled to relief on this issue.

Doc. No. 7-5 at 7 (footnote added).

a. Federal Habeas Statute

This court's inquiry is restricted to a review of Brown's claims that he is in custody pursuant to the judgment of an Alabama court that violates the Constitution of the United States. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Further, the federal statute governing petitions for a writ of habeas corpus states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(1) & (2). *See Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

Faced with a petition for writ of habeas corpus under § 2254, this court must answer two questions. First, do the claims raise a violation of a federal constitutional right? Second, if a claim does raise a violation of a federal constitutional right, is the state court decision on

the merits contrary to, or an unreasonable application of, clearly established federal law, or is the state court decision based on an unreasonable determination of the facts in light of the evidence presented? If the answer to either question is no, a petitioner is not entitled to relief on his habeas petition.

b. Analysis

Brown's claim that the trial court erred by not allowing him to present his defense of entrapment and by refusing to charge the jury on entrapment does not allege a violation of a federal constitutional right subject to vindication through a petition for writ of habeas corpus. The Supreme Court has long recognized that the defense of entrapment "is not of a constitutional dimension." *United States v. Russell*, 411 U.S. 423, 433 (1973)). In *Russell*, the Court stated, in connection with the defense of entrapment in the federal courts:

> Since the defense is not of a constitutional dimension, Congress may address itself to the question and adopt any substantive definition of the defense that it may find desirable.

411 U.S. at 433. "It would appear, from this statement in *Russell*, that there is no constitutional requirement that a defendant, who committed criminal conduct and had the necessary criminal intent, should be excused from a penalty because that conduct and intent came about as a result of the activities of a law enforcement officer. *Tuseo v. Landucci*, 548 F.Supp. 180, 182 (S.D. N.Y. 1982).

The limited nature of the entrapment defense was reaffirmed by the Supreme Court in *Hampton v. United States*, 426 U.S. 484 (1976), where a majority of the Court again

recognized that "entrapment" is a term of art referring to a limited doctrine devoid of constitutional dimension. *See id.* at 489-91. Following *Russell* and *Hampton*, claims relating to the alleged denial of an entrapment defense are not cognizable in federal habeas, because such claims are not of constitutional magnitude. *See, e.g., Heath v. Neal*, No. 89-1026, 1990 WL 107872, at *3 (7th Cir. Jul. 30, 1990) ("Even if the trial judge should have given a straight instruction on entrapment rather than the compromise instruction he actually gave, that would constitute an error in state procedure only."); *Ainsworth v. Reed*, 542 F.2d 243, 244-45 (5th Cir. 1976) (holding that because entrapment is not a constitutional doctrine, "a writ of habeas corpus could not issue" on petitioner's claim that the jury's verdict of no entrapment was against the great weight of the evidence).

Having presented no cognizable federal constitutional claim, Brown's § 2254 petition is due to be denied.[3]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation **or before March 15, 2016.** A party must specifically identify the factual

[3] The Court in *Russell* stated that there might be a situation where the conduct of law enforcement agents was so outrageous that due process principles would bar a conviction. 411 U.S. at 431. The Court found no such situation presented by the facts in *Russell*. No such facts are presented in Brown's case, and there is no contention of this kind.

findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 1st day of March, 2016.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE